UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

FILED

FEB 2 3 2011

DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

No. 5:09-CT-3135-BO

| | |
|---|---|
| GERALD WAYNE HANNAH, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Defendant. ) | ORDER |

Gerald Wayne Hannah ("plaintiff") filed this action pursuant to the Federal Tort Claims Act ("FTCA"). The United States of America is the properly named defendant and has moved for dismissal under 12(b)(6). Plaintiff has responded, and the matter is ripe for determination.

Plaintiff's contentions are that he suffers from chronic pain due to a variety of serious medical issues (MRSA, Hepatitis C, bronchitis, sinusitis) and as such is administered prescription pain medication through a patch. In 2005, the medication was once covered with Tegaderm. The cover caused a blister to appear at its location. Because of the allergic reaction, the Tegaderm cover was removed. Thereafter, the medical records indicate this allergy to the Tegaderm patch. (see medical records attached to compl.)

On July 4, 2008, Nurse Chapman explained to plaintiff she would not administer the pain medication without using Tegaderm. Plaintiff explained he was allergic to Tegaderm and that the information was in his medical records. However, the nurse stated it was Tegaderm or nothing, and that plaintiff would be administered no pain medication until the following Monday (this was a Friday). Because of the amount of pain plaintiff was in, he saw no option, but to agree. The Tegaderm cover was applied, plaintiff felt a burning sensation, and again resulted in a blister. The cover was removed the next day by Mr. Conners. Mr. Connors also treated the

blister and subsequent wound. Plaintiff contends the wound became infected and did not heal for over a month. (information taken from D.E. # 1, # 2, and # 20)

A motion to dismiss under Rule 12(b)(6) determines whether a claim is stated, not the resolution of factual contests, the merits of a claim, or the applicability of defenses. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

To begin, defendant argues the complaint was filed outside the statute of limitations. On February 5, 2009, plaintiff was informed of the denial of his administrative tort claim. He was also notified that "[i]f . . . dissatisfied with this determination, you may file suit in the appropriate United States District Court not later than six (6) months after the date of mailing of this notification." Thus, under 28 U.S.C. § 2401(b), plaintiff had until August 5, 2009, to file a tort claim against the United States. This complaint was filed in the clerk's office on August 6,

2

Case 5:09-ct-03135-BO   Document 25   Filed 02/23/11   Page 2 of 6

2009. Under the "mailbox rule," a document is deemed filed by a prisoner when it is delivered to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988). It appears the correctional facility stamped the envelope received on July 31, 2009, which makes the filing timely. (See envelope attached to compl.)

Furthermore, in appears that the clerk's office first received the complaint at an earlier time, but on July 27, 2009, returned it to plaintiff without having filed it. The clerk's office notified plaintiff he had not provided enough copies, nor had he listed the defendants correctly.[1] While the complaint was found inadequate in several respects, the Federal Rule of Civil Procedure 5(d)(4) states "[t]he clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." Therefore, the complaint is deemed timely filed.

Secondly, defendant seeks dismissal of Hannah's FTCA claim for failure to comply with North Carolina's pre-filing requirement Rule 9(j). Under the FTCA, the United States waives sovereign immunity for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." See 28 U.S.C. §§ 2647, 2675(a). A prisoner "can sue under the [FTCA] to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 150 (1963).

---

[1]Plaintiff had named the United States as defendant. In the complaint under "other defendants" plaintiff wrote "See Memorandum in Support of Federal Tort Claim" which may have lead to the clerk's instruction regarding multiple copies for multiple defendants. The United States is the only proper defendant in this action. Suing the United States requires service on the United States attorney for the district where the action is brought and a copy to the Attorney General. Fed. R. of Civ. P 4(i).

3

North Carolina substantive law controls claim. See, e.g., Cibula v. United States, 551 F.3d 316, 319 (4th Cir. 2009) (quotation omitted); see also 28 U.S.C. § 1346(b).

In North Carolina there are substantive legal requirements that a person must follow to pursue a medical malpractice claim. In North Carolina, a plaintiff asserting negligence must prove the existence of a legal duty or standard of care owed to the plaintiff by the defendant, breach of that duty, a causal relationship between the breach of duty and the plaintiff's alleged injuries, and certain actual injury or loss sustained by the plaintiff. Camalier v. Jeffries, 340 N.C. 699, 706 (1995); Blackwell v. Hatley, 688 S.E.2d 742, 746 (N.C. Ct. App. 2010).

North Carolina Rule of Civil Procedure 9(j) states in relevant part:

Any complaint alleging medical malpractice by a health care provider as defined in [N.C. Gen. Stat. §] 90-21.11 in failing to comply with the applicable standard of care under [N.C. Gen. Stat. §] 90-21.12 shall be dismissed unless:

> (1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
> (2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
> (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.

N.C. R. Civ. P. 9(j).

Failure to comply with Rule 9(j) is ground for dismissal of a state medical-malpractice claim filed in federal court. See, e.g., Estate of Williams-Moore v. Alliance One Receivables

4

Mgmt. Inc., 335 F. Supp. 2d 636, 649 (M.D.N.C. 2004); Frazier v. Angel Med. Ctr., 308 F. Supp. 2d 671, 676-77 (W.D.N.C. 2004); Moore v. Pitt County Mem'l Hosp., 139 F. Supp. 2d 712, 713-14 (E.D.N.C. 2001). "Rule 9(j) unambiguously requires a trial court to dismiss a complaint if the complaint's allegations do not facially comply with the rule's heightened pleading requirements." Barringer v. Forsyth County Wake Forest Univ. Baptist Med. Ctr., 197 N.C. App. 238, 255, 677 S.E.2d 465, 477 (2009). Furthermore, plaintiff's status as a prisoner does not excuse his failure to comply with Rule 9(j)'s pre-filing certification requirements. See, e.g., Smith v. United States, No. 1:08cv838 (LO/JFA), 2010 WL 256595, at *3 n.5 (E.D. Va. Jan. 19, 2010) (unpublished).

One exception for a litigant from Rule 9(j)'s pre-filing certification requirement is the establishment of negligence under the doctrine of res ipsa loquitur. See N.C. R. Civ. P. 9(j)(3). This doctrine applies "only when the occurrence clearly speaks for itself." Diehl v. Koffer, 140 N.C. App. 375, 378, 536 S.E.2d 359, 362 (2000) (emphasis removed) (quotation omitted); see, e.g., Tice v. Hall, 310 N.C. 589, 593, 313 S.E.2d 565, 567 (1984) (surgical sponge left in patient's body); Schaffner v. Cumberland County Hosp. Sys., Inc., 77 N.C. App. 689, 691-94, 336 S.E.2d 116, 118-19 (1985) (patient's hand burned during ear surgery); Hyder v. Weilbaecher, 54 N.C. App. 287, 292, 283 S.E.2d 426, 429 (1981) (stainless steel wire left in patient). In order for res ipsa loquitur to apply, "the negligence complained of must be of the nature that a jury-through common knowledge and experience-could infer." Diehl, 140 N.C. App. at 378-379.

At present, the court has before it a complaint from a plaintiff who was given pain medication which was applied with the use of a Tegaderm cover. Plaintiff, by his account, was

5

in pain, but explained to the nurse that he was allergic to Tegaderm. The allergic notification was in his medical records. For the purposes of the motion to dismiss, the nurse disregarded the medical notice and applied the cover, resulting in injury. On a motion to dismiss, the claim survives.

Accordingly, the motion to dismiss is DENIED (D.E. # 13). The motion to amend (D.E. # 19) was considered and is ALLOWED. Having so determined, defendant is given 60 days from the signing of this order to file any further dispositive motions, and plaintiff is allowed 10 days thereafter to respond.

SO ORDERED, this the 23 day of February 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE