UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CT-3135-BO

| | | |
|---|---|---|
| GERALD WAYNE HANNAH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

Gerald Wayne Hannah ("plaintiff") filed this action pursuant to the Federal Tort Claims Act ("FTCA"). The United States of America has moved for dismissal under 12(b)(6) for a second time.[1] Plaintiff responded in opposition, the United States replied, and the matter is ripe for determination.

> The case arises out of the following which is set out in the prior court order.
>
> Plaintiff's contentions are that he suffers from chronic pain due to a variety of serious medical issues (MRSA, Hepatitis C, bronchitis, sinusitis) and as such is administered prescription pain medication through a patch. In 2005, the medication was once covered with Tegaderm. The cover caused a blister to appear at its location. Because of the allergic reaction, the Tegaderm cover was removed. Thereafter, the medical records indicate this allergy to the Tegaderm patch. (see medical records attached to compl.)
>
> On July 4, 2008, Nurse Chapman explained to plaintiff she would not administer the pain medication without using Tegaderm. [The parties agree that Plaintiff's chronic care physician, Dr. Mercado, had ordered the use of Tegaderm.] Plaintiff explained he was allergic to Tegaderm and that the information was in his medical records. However, the nurse stated it was Tegaderm or nothing, and that plaintiff would be administered no pain medication until the following Monday (this was a Friday). Because of the amount of pain plaintiff was in, he saw no option, but to agree. The Tegaderm cover was applied, plaintiff felt a burning sensation, and again resulted in a

---

[1] On February 23, 2011, the court issued an order denying defendant's first motion to dismiss. (D.E. # 25)

blister. The cover was removed the next day by Mr. Conners. Mr. Connors also treated the blister and subsequent wound. Plaintiff contends the wound became infected and did not heal for over a month. (information taken from D.E. # 1, # 2, and # 20)

The standard for a motion to dismiss under Rule 12(b)(6) also set out in the previous order, shall be restated. A motion pursuant to 12(b)(6) determines whether a claim is stated, not the resolution of factual contests, the merits of a claim, or the applicability of defenses. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

Defendant's again seeks dismissal of Hannah's FTCA claim for failure to comply with North Carolina's pre-filing requirement Rule 9(j). North Carolina Rule of Civil Procedure 9(j) states in relevant part: Any complaint alleging medical malpractice by a health care provider as

defined in [N.C. Gen. Stat. §] 90-21.11 in failing to comply with the applicable standard of care under [N.C. Gen. Stat. § ] 90-21.12 shall be dismissed unless:

> (1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
> (2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
> (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.

N.C. R. Civ. P. 9(j).

The United States again argues that section (3), an exception for a litigant from the required pre-filing certification requirement based on the doctrine of res ipsa loquitur, is inapplicable to this case. See N.C. R. Civ. P. 9(j)(3). The United States relies in large part on a string of cases which hold the following. "The doctrine of res ipsa loquitur applies when (1) direct proof of the cause of an injury is not available, (2) the instrumentality involved in the accident is under the defendant's control, and (3) the injury is of a type that does not ordinarily occur in the absence of some negligent act or omission." Alston v. Granville Health Sys., 699 S.E.2d 478, *2 (N.C. App. Sept. 21, 2010) (unpublished) ; Rowell v. Bowling, 678 S.E.2d 748, 751 (N.C. App. July 7, 2009); Yorke v.Novant Health, Inc., 666 S.E.2d 127, 135 (NC App Sept. 2, 2008); Hayes v. Peters, 645 S.E.2d 846, 848 (N.C. App. June 19, 2007); Skinner v. Furman, 612 S.E.2d 448, * 3 (N.C. App. April 5, 2005) (unpublished); Howie v. Walsh, 609 S.E.2d 249, 251 (N.C. App. March 1, 2005); Lebel v. Bladen County Hosp., 562 S.E.2d 303, *3 (N.C. App.

3

March 5, 2002) (unpublished); Bowlin v. Duke Univ., 423 S.E.2d 320, 322 (N.C. App. Dec. 1, 1992); Grigg v. Lester, 401 S.E.2d 657 657-58 (NC App. March 19, 1991); Russell v. Sam Solomon Co., 270 S.E.2d 518, 520 (N.C. App. Oct. 7, 1980).

The United States argues that "[p]laintiff Hannah has pled facts which demonstrate the lack of all three elements necessary for him to invoke the doctrine of res ipsa loquitur." Specifically, the United States asserts:

> Plaintiff knows the source of his injury, the instrumentality of injury (Tegaderm) was not in Defendant's control once applied to Plaintiff's skin and Plaintiff went to his cell and it is not within the lay fact finder's common knowledge whether the alleged injury would not normally occur without negligence. It will require the assistance of expert testimony to determine if the BOP physician's and the BOP nurse's professional judgment in executing a licensed healthcare activity constitute negligence under all of the circumstances of this case. Hence, res ipsa loquitor does not apply to exempt Plaintiff Hannah from his failure to comply with the mandatory Rule 9(j) pre-filing certification requirements.

(D.E. # 33, Reply Brief, p.4)

However, Alston itself reversed the finding of a trial court to grant a motion to dismiss. In Alston, the plaintiff's cause of action alleged ordinary negligence based on the doctrine of res ipsa loquitur and the Court of Appeals found the elements had been sufficiently pled under motion to dismiss standards. Alston, 699 S.E.2d 478, *6. Further, the court found that it was not necessary to comply with 9(j) to state a claim for negligence. Id.

Here, the elements have been sufficiently pled. The United States' brief details argument as to each element and why the element has not been established and proven. For example, the United States argues that plaintiff was "in control of the instrumentality" and thus plaintiff may have returned to his cell and rubbed a blister on the area. (D.E. # 27, p. 8 "It is just as likely that

4

Plaintiff, in a fit of pique after the heated exchange with Nurse Chapman, spent the intervening more than 24 hours, rubbing the Tegaderm to create a blister.") Plaintiff clearly refutes this argument. (D.E. # 32) The United States also argues that tape could not be used to affix the pain medication, but in fact plaintiff asserts that such had been done for long periods of time, and there was never any indication that plaintiff tried to remove the tape. In fact, he states there was a process by which the medical staff initialed the tape. (D.E. # 27 and D.E. # 32) The United States argues that a blister is not an allergic reaction, yet plaintiff states the medical record clearly indicated that he was allergic to Tegaderm. (Id.) Further, the record is devoid of an affidavit from the doctor who ordered the administration of the Tegaderm patch and whether the order was an oversight or thoughtfully ordered after a thorough review of the medical records. Thus, before the court, is a factual debate proper for summary judgment resolution, not dismissal under 12(b)(6) which requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis, 588 F.3d at 193 (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

Accordingly, the second motion to dismiss is DENIED (D.E. # 27). The United States has 28 days from the filing of this order to file any additional dispositive motion. Plaintiff has 15 days therefrom to respond.

SO ORDERED, this the 27 day of March 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE